284 So.2d 165 (1973)
Mrs. Bessie N. MOORE et al., Appellees-Appellants,
v.
TRAVELERS INDEMNITY CO. et al., Appellants-Appellees.
No. 4302.
Court of Appeal of Louisiana, Third Circuit.
September 18, 1973.
Rehearing Denied November 2, 1973.
Writ Refused December 14, 1973.
*166 Gold, Hall, Hammill & Little by Henry B. Bruser, III, Alexandria, for defendant-appellant.
Neblett, Fuhrer & Broussard by Robert B. Neblett, Alexandria, for plaintiff-appellee-appellant.
Gist, Methvin & Trimble by H. B. Gist, Jr., Alexandria, for defendant-appellee.
Before FRUGÉ, SAVOY and DOMENGEAUX, JJ.
SAVOY, Judge.
This is an action in tort by plaintiffs, Mrs. Bessie N. Moore and her husband, Edward D. Moore, against Aetna Insurance Company, the insurer of Catholic Diocese of Alexandria, Inc., resulting from an accident which occurred when the vehicle, owned by Edward, and being driven by Bessie, was struck in the rear by a pickup truck owned by the Diocese of Alexandria and driven by Cresenciono Lendaverde. At the time of the accident the Moore car was stopped for a red light.
Alternatively, plaintiffs sued Travelers Indemnity Co., the insurer of the Moore car under the uninsured motor vehicle provision of said policy.
Motion for summary judgment was filed by Travelers and overruled.
Aetna filed an answer denying coverage on the policy issued to the diocese of Alexandria for the reason that Lendaverde was expressly forbidden to drive the car owned by its insured out of the seminary grounds owned by the diocese. Aetna also stated in its answer that Lendaverde was not the agent or employee of the Diocese and did not have the express or implied consent of the resident priest at the seminary to drive the pickup truck on the date of the accident. Travelers answered the suit and filed a general denial.
After a trial on the merits, the district judge held that Aetna was not liable for the reason that Lendaverde did not have the express or implied permission to use the pickup truck and rejected plaintiff's demand against Aetna. He rendered judgment against Travelers under the uninsured motion clause of the policy. Travelers and plaintiffs appealed.
There is no question but that Lendaverde was negligent in striking the Moore vehicle with the pickup truck while it was stopped for a red light.
The issue to be determined in this suit is whether Lendaverde had the express or implied permission of the authorities at the seminary to drive the pickup truck on the date of the accident.
The only evidence in the record on that phase of the case is the testimony of Father John Wakeman.
Father Wakeman testified he was superintendent of schools for the Catholic Diocese of Alexandria; that he is in charge of the property formerly used by the seminary located at Maryhill and consisting of 200 acres; that on a trip by Wakeman and some other priests to Mexico, they met Lendaverde, who served as their guide in that country. Lendaverde had a limited knowledge of the English language. Lendaverde *167 evidenced a desire to visit this country and Wakeman extended to him an invitation to visit Maryhill. Pursuant to this invitation, Lendaverde came to Maryhill and stayed with Father Wakeman and some of the other priests. Lendaverde helped the maintenance man at Maryhill, Mr. Lonnie Fields, doing odd jobs on the premises. He drove the pickup truck on at least three occasions on the seminary grounds. Father Wakeman testified he did not give Lendaverde permission to drive the truck nor did he tell him not to drive same.
On a later occasion Father Wakeman saw Lendaverde driving near the gate leading from the seminary grounds to a public highway and told him not to drive the truck off the premises for the reason that due to his lack of knowledge of the English language, he could not understand the road signs.
Under the above facts, we have to determine whether there was either implied or express permission given by Father Wakeman to Lendaverde to drive the pickup truck so as to hold Aetna liable under its policy issue to the Diocese of Alexandria.
In McConnell v. Travelers Indemnity Company, 248 La. 509, 180 So.2d 406, the court summarized the rule of law governing cases of this type and stated:
"Pertinent here is the well-established rule that initial permission from the named insured to use an automobile is sufficient to make the driver an insured under the omnibus clause. It is unnecessary to determine whether the driver was proceeding within the limits of the permission at the time of the accident. A deviation from the initially permitted use-purpose is immaterial." Citations omitted.
"Such initial permission may be either express, or implied from the circumstances." Citations omitted.
It is our opinion that Lendaverde had implied permission to drive the pickup truck in view of the fact that he drove the truck on at least three occasions prior to the accident without objection from Father Wakeman and Mr. Lonnie Fields. While it is true that Wakeman told Lendaverde not to drive the truck off of the premises, we are of the opinion that in view of McConnell and cases cited therein, that since Lendaverde had the initial implied permission to drive the pickup, he had the necessary permission to qualify him as an insurer under the omnibus clause of the public liability insurance policy issued by Aetna in the case at bar; hence, plaintiffs are entitled to recover under the Aetna policy.
Counsel for plaintiffs have appealed asking for an increase in the award to the wife. Without detailing the medical evidence, we find the wife suffered minor injuries and the award made by the trial judge was within the discretion allowed him under our jurisprudence.
For the reasons assigned, the judgment appealed is reversed and set aside.
It is now ordered, adjudged, and decreed that there be judgment herein in favor of plaintiff, Bessie N. Moore and against defendant, Aetna Insurance Company, in the sum of $3,046.00, together with legal interest from date of judicial demand until paid.
It is further ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Edward Moore, and against Aetna Insurance Company, in the sum of $318.60, together with legal interest from date of judicial demand until paid.
It is further ordered adjudged, and decreed that judgment is hereby rendered in favor of Travelers Indemnity Company, and against plaintiffs, Bessie N. Moore and Edward Moore, rejecting their demands and dismissing their suit.
Costs in the district court and on appeal are assessed against Aetna Insurance Company.
Reversed and rendered.
DOMENGEAUX, J., dissents, believing that the rationale of McConnell is not applicable *168 here. Whatever implied permission which the driver had to use the vehicle, same was confined to a private estate; additionally, he was specifically instructed not to drive on the public streets. I would affirm the trial court.